**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CARLOS LUIS ORTIZ ARIAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03330-MBB |
| | ) | |
| SAMUEL OLSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Carlos Luis Ortiz Arias petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.  He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing.  (**Doc. 1**, p. 2).  He asks the Court to order the Government to provide such a hearing or immediately release him.  (*Id.* at p. 3).  Because Petitioner's detention does not violate procedural or substantive due process, the petition is DENIED.

### Background

Petitioner, a citizen of Cuba, entered the United States in 2024.  (*Id.* at p.2).  DHS paroled him into the country.  (*Id.*).  On December 17, 2025, he was arrested during a traffic stop and transferred to DHS custody.  (*Id.*).  He then filed for an adjustment of status under the Cuban Adjustment Act.  (*Id.*).  An immigration judge granted his adjustment of status on February 23, 2026. (*Id.*).  On March 25, 2026, DHS appealed the immigration judge's decision.  (*Id.* at p. 6). DHS is detaining Petitioner pending the outcome of that appeal.  (*Id.*).

On June 10, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  He argues that his detention without bond is unconstitutional.  (*Id.* at p. 3).  He alleges a general violation of his right to due process.  (*Id.* at pp. 7-9).  The Government counters

that Petitioner, as an "applicant for admission," is only entitled to the procedural due process provided by Congress in 8 U.S.C. § 1225(b)(2)(A). (**Doc. 4**, pp. 7-8). And there was no substantive due process violation because mandatory detention pending removal proceedings does not implicate a fundamental right. (***Id.*** at p. 8).

### Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings is not contrary to procedural due process or substantive due process.

**I.        Petitioner's continued detention does not violate procedural due process.**

The parties do not dispute that Petitioner is detained under Section 1225(b)(2)(A). They disagree about whether that detention is constitutional in Petitioner's case. The Government is correct that Petitioner's detention does not violate procedural due process because it comports with Section 1225(b)(2)(A).

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See **Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also **Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020)

2

(holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute").  In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process.  *See **Demore***, 538 U.S. at 531.  The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings.  *Id.* at 527-29 (holding that detention pending removal proceedings is not indefinite).  And in *Baynee*, the Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'"  ***Baynee***, 115 F.4th at 932, *quoting **Demore***, 538 U.S. at 527.

Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings.  Although an immigration judge allegedly granted his application for adjustment of status, the Government appealed that decision.  So the immigration judge's ruling is not final.  *See* **8 C.F.R. § 1003.39**.  Petitioner concedes that his removal proceedings are still pending.  (**Doc. 1**, p. 2).  Because Section 1225(b)(2)(A) requires mandatory detention of removable aliens pending removal proceedings, procedural due process requires no more.  *See **Baynee***, 115 F.4th at 932.

II. **Petitioner's continued detention does not violate substantive due process because it does not implicate a fundamental right.**

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest."  ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted).  Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed."  ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted).  A petitioner must provide a "careful description of the asserted fundamental liberty interest."  ***Washington v.***

3

*Glucksberg*, 521 U.S. 702, 721 (1997).  If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster.  *See id.* at 728.

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects."  *Zadvydas*, 533 U.S. at 690.   But detention during removal proceedings is "a constitutionally valid aspect of the deportation process."  *Demore*, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings").  That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens."  *Id.* at 522.  And "[a] wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country."  *Carlson v. Landon*, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest."  *See Glucksberg*, 521 U.S. at 721.  His substantive due process claim fails for that reason alone.  Regardless, removable aliens like Petitioner have no fundamental liberty interest in release pending deportation proceedings.   Such rights are not "deeply rooted in this Nation's history and tradition."  *See Minnesota Deer Farmers*, 146 F.4th at 670.  "The rule has been clear for decades:" detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table."  *See Baynee*, 115 F.4th at 931-33.  Such detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed."  *See Demore*, 538 U.S. at 528.

## Conclusion

Petitioner's continued detention does not violate procedural due process or substantive due process.  The Petition for a Writ of Habeas Corpus is DENIED.

4

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: June 26, 2026